UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

FIDELITY AND GUARANTY LIFE
INSURANCE COMPANY,

      Plaintiff,

v.                              CIVIL ACTION NO.
                               L-02-CV-2685

MELVIN L. WEASELBOY, JR., *et al.*,

      Defendants.

## CONSENT JUDGMENT

This is an interpleader action brought by Fidelity and Guaranty Life Insurance Company ("F&G Life"), pursuant to 28 U.S.C. §§ 1335, 1397, and 2361, to determine the respective rights of Singer Asset Finance Company, L.L.C. ("Singer"), Fidelity & Guaranty Assignment, LLC ("F&G Assignment"), and Melvin L. Weaselboy ("Weaselboy") to receive payments under F&G Life Annuity Policy No. I634329 (the "Annuity").

Weaselboy is a party to a Settlement Agreement and Release with Ingersoll-Rand Co. ("I-R") and others dated March 23, 1992 (the "Release"). Under the terms of the Release, I-R is obligated, among other things, to make future, monthly payments to Weaselboy.

I-R assigned its obligation to make payments under the Release to F&G Assignment's predecessor, F&G Structures, Inc. pursuant to a "qualified assignment" within the meaning of the Internal Revenue Code, Section 1301(c) (the "Qualified Assignment"). F&G Structures purchased the Annuity to fund its obligation to make future, monthly payments to Weaselboy under the Qualified Assignment.

Singer and Weaselboy entered into two Purchase Agreements dated May 7, 1997 and April 8, 1998 (collectively, the "Purchase Agreements"). Under the terms of the Purchase Agreements,



Singer acquired from Weaselboy, for value, the right to receive certain future, monthly payments under the Release and the Annuity (the "Assigned Payments").

Beginning in July 2000, Weaselboy caused the Assigned Payments to be redirected to himself, and otherwise failed and refused to forward those payments to Singer.

F&G Life commenced this interpleader action by filing a Complaint on August 15, 2002. By Order dated August 15, 2002, the Court dismissed F&G Life from the case with prejudice, but providing that F&G Life could seek its attorneys' fees and costs, and ordered F&G Assignment, Singer, and Weaselboy to plead and pursue their claims among themselves in connection with their respective rights and claims to the Annuity payments. Since the entry of the Court's Order of August 15, 2002, F&G Life has made all payments due under the Annuity into the Registry of the Court.

All Defendants have been properly served with process. Weaselboy, notwithstanding his being properly served with process, has not appeared in this action, and on December 31, 2002, the Court entered an Order of Default against Weaselboy.

Upon the joint Motion of Singer and F&G Assignment it is this _15TH_ day of January, 2003 ORDERED:

1.  That Weaselboy, by virtue of his default in this matter, hereby forfeits any claims that he had or may ever have to the Annuity payments that have been paid into the Registry of the Court, and to all future Annuity payments made to Singer pursuant to this Consent Judgment.

2.  That pursuant to the Court's authority under 28 U.S.C. §§ 1651 and 2361, Weaselboy and anyone claiming any interest derived in any way from Weaselboy are permanently enjoined from continuing or ever bringing any action or making any claim against F&G Life, F&G Assignment, and/or Singer based upon or arising out of the Release, the Annuity, or the Purchase Agreements.

3.  That F&G Life is released from any liability to F&G Assignment, Singer, Weaselboy, or

2

anyone claiming any interest derived in any way from Weaselboy, on account of any Annuity payments F&G Life may have made to any person or entity prior to the date of this Consent Judgment.

4.  That F&G Assignment is released from any liability to F&G Life, Singer, Weaselboy, or anyone claiming any interest derived in any way from Weaselboy, on account of any Annuity payments F&G Life may have made to any person or entity prior to the date of this Consent Judgment.

5.  That Singer is released from any liability to F&G Life, F&G Assignment, Weaselboy, or anyone claiming any interest derived from Weaselboy, on account of any Annuity payments F&G Life may have made to any person or entity prior to the date of this Consent Judgment.

6.  That 10% of the interest earned on the funds deposited into the Registry of the Court shall be retained by the Court as its Registry fee.

7.  That F&G Life is entitled to recover its attorneys' fees and costs in this action in the amount of $1,639.00.  These sums shall be paid from the balance of monies remaining in the Registry of the Court.

8.  That Singer is entitled to recover a portion of its attorneys' fees and expenses in the amount of $2,352.00.  Singer's attorneys' fees shall be paid from the payments made under paragraph 10, *infra*.

9.  That the balance of monies remaining in the Registry of the Court shall be paid to Singer at the following address:

> Singer Asset Finance Company, L.L.C.
> Attention:  Kenneth R. Barnett, Esquire
> 2700 North Military Trail, Suite 300
> Boca Raton, Florida 33431.

10.  That F&G Life shall thereafter make all remaining monthly payments due under the Annuity to Singer at the following address:

Singer Asset Finance Company, L.L.C.
PO Box 19391A
Newark, New Jersey 07195-0391.

11. That Singer shall indemnify, defend, and hold harmless F&G Life and F&G Assignment from any claim made or action brought by Weaselboy or any other person (i) for any payments that were due under the Annuity or the Release up to this date; (ii) on account of any Annuity payments that were made to Singer or the Court up to this date; (iii) on account of any Annuity payments that are made to Singer pursuant to this Consent Judgment; or (iv) for any actions or omissions occurring prior to the date of this Consent Judgment and arising out of or from the Annuity, the Release, or this Action. Singer's indemnification shall include all actual attorneys' fees, costs, and expenses incurred by F&G Life and/or F&G Assignment as a consequence of any such claim or action.

12. That for purposes of this Consent Judgment, the term "F&G Assignment" shall include its predecessor corporations, including F&G Structures, Inc, and Fidelity and Guaranty Assignment Corporation, and any successor corporations.

13. That this Court shall retain jurisdiction over this matter to enforce any and all matters relating to this Consent Judgment.

14. The CLERK SHALL CLOSE THE CASE.

_Benson E. Legg_
Benson E. Legg, Judge
United States District Court
for the District of Maryland